# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE M. ARCINIESA, | ) | CV F   06-0135 REC DLB HC |
|           Petitioner, | ) | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
|    v. | ) | |
| BERNIE ELLIS, | ) | [Doc. 1] |
|           Respondent. | ) | |

      Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

      Plaintiff filed the instant petition for writ of habeas corpus on February 7, 2006. Petitioner indicates that he was convicted in the United States District Court for the Eastern District of California, Sacramento Division of a violation of Title 21, United States Code, sections 846 and 841 (a)(1).  (Petition, at 2.)  Petitioner states that he previously filed a motion to vacate, set aside, or correct his sentence under section 2255, in the trial court, which was denied on March 14, 2000.  (Id.)

      In the instant petition, Petitioner contends that the trial court's reliance on the Presentence Report as evidence of his prior conviction is inconsistent with the United States Supreme Court decision of Shepard v. United States, 544 U.S. 13 (2005), which was not available at the time of trial or at the time the prior 2255 motion was filed.

///

1                                    DISCUSSION

2           A federal prisoner who wishes to challenge the validity or constitutionality of his
3    conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence
4    under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v.
5    Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);
6    Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing
7    court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal
8    conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. §
9    2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see
10   also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

11          In contrast, a federal prisoner challenging the manner, location, or conditions of that
12   sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
13   Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175,
14   177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United
15   States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79
16   (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v.
17   United States, 610 F.2d 672, 677 (9th Cir. 1990).

18          A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if*
19   he can show that the remedy available under § 2255 is "inadequate or ineffective to test the
20   validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United
21   States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). The Ninth Circuit has
22   recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003)
23   (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by
24   motion to demonstrate that § 2255 is inadequate or ineffective); Moore v. Reno, 185 F.3d 1054,
25   1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions
26   does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a
27   court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v.
28   Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a

petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. See United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998) (failure to request the requisite authorization to file a second or successive § 2255 motion deprives the district court of jurisdiction).

Petitioner makes no showing that he has obtained or sought permission to file a

successive § 2255 motion. It is possible that the motion would be granted in which case Petitioner would have another opportunity to present his claim in the proper forum. Thus, Petitioner has not shown that he did not have an "unobstructed procedural shot" at presenting his challenges to the sentencing court. Accordingly, the petition should be dismissed.

<u>RECOMMENDATION</u>

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus be DISMISSED; and

2.  The Clerk of Court be directed to enter judgment, terminating this action.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 25, 2006            /s/ Dennis L. Beck
3b142a                             UNITED STATES MAGISTRATE JUDGE